UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN M. DEANE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-373-DRL-MGG |
| CANBERRY, BLOCK, | |
| Defendants. | |

OPINION & ORDER

Stephen M. Deane, a prisoner proceeding without a lawyer, filed two documents that the court construes as a request to waive the $3.05 initial partial filing fee (ECF 10, 11). Although the court properly calculated the initial partial filing fee, it appears that Mr. Deane is unlikely to be able to pay this amount any time in the near future. His inmate trust ledgers showed income from a prison job, but Mr. Deane states that he has not worked since January 2020 and is currently unemployed. He further states that he is subject to a $4,900 restitution order issued by a Disciplinary Hearing Officer, and that any deposits to his account are withdrawn to satisfy this order. Under these circumstances, his request will be granted, and payment of the initial partial filing fee will be waived, but Mr. Deane remains obligated to pay the entirety of the filing fee in installments over time.

Mr. Deane also filed a motion for leave to file an amended complaint, along with a proposed amended complaint (ECF 9). Under Fed. R. Civ. P. 15(a)(1), and in the interest of justice, his motion is granted. The court will proceed to screen the amended complaint pursuant to 28 U.S.C. § 1915A. In doing so, the court must bear in mind that "[a]

document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Mr. Deane complains about events occurring at Indiana State Prison on or about April 8, 2020. He alleges he was not feeling well and was sleeping in his cell, when he was awakened by correctional officers, including Sergeant Canberry (first name unknown). The officers restrained Mr. Deane, put him in a wheelchair, and took him to the medical unit. He asked them what was happening, but the officers didn't respond. When they arrived at the nurse station, Nurse Block (first name unknown) took his vital signs and asked him if he had been "smoking anything." He replied that he had not. She asked him if he had a history of blacking out, and he said that he did have a history of passing out due to panic attacks. He further told her that he had not been feeling well and was sleeping when the officers arrived. Sergeant Canberry then asked Nurse Block "if she was going to hit me with Narcan," a drug given for opioid overdose. Nurse Block "hesitated" and then said, "I'll give it to him anyway." Mr. Deane protested that he had not been "smoking anything," did not need treatment for an opioid overdose, and did not want the Narcan. Sergeant Canberry nevertheless held Mr. Deane's head "like a football," while Nurse Block administered Narcan up Mr. Deane's nose. He was placed in a holding cell for four hours and then released to his cell. He alleges that during this entire period, he was "awake, verbal, and competent," and that he had not taken any drugs. He sues Nurse Block and Sergeant Canberry for money damages under the Eighth

and Fourteenth Amendment for administering a drug to him despite his express refusal and for no medical reason.

Under the Eighth Amendment, prisoners are entitled to adequate medical care. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Deane's allegations don't fit within the contours of an Eighth Amendment claim. Indeed, he alleges that he had no medical need on the date in question and instead was awakened by officers and taken to the medical unit for treatment he didn't want or need. Nevertheless, inmates also possess a Fourteenth Amendment due process liberty interest in "refusing forced medical treatment while incarcerated." *Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019). To establish such a claim, the prisoner must demonstrate that the defendant "acted with deliberate indifference to his right to refuse medical

3

treatment." *Id.* "Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to 'shock the conscience.'" *Id.* (citation omitted). Here, further factual development may show that Nurse Block and Sergeant Canberry acted reasonably to provide treatment for what they thought was a drug overdose, but Mr. Deane plainly alleges that he didn't take any drugs on the date in question, that he was fully competent and verbal, and that he specifically told them he didn't want or need the Narcan. Giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed past the pleading stage against these two defendants on a Fourteenth Amendment claim.

For these reasons, the court:

(1) GRANTS the plaintiff's motions to waive the initial partial filing fee (ECF 10, 11);

(2) GRANTS the plaintiff's motion for leave to amend his complaint (ECF 9) and DIRECTS the clerk to docket the proposed amended complaint (ECF 9-1) as a separate docket entry;

(3)  GRANTS the plaintiff leave to proceed against Sergeant Canberry and Nurse Block in their personal capacity on a claim for monetary damages under the Fourteenth Amendment for administering a drug despite his express refusal and for no medical reason on April 8, 2020;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Sergeant Canberry (first name unknown) at Indiana Department of Correction and to send him a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Nurse Block (first name unknown) at Wexford of Indiana, LLC, and to send her a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Canberry and Nurse Block to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 10, 2020                             *s/ Damon R. Leichty*
                                            Judge, United States District Court