UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN M. DEANE,

    Plaintiff,

v.

    CAUSE NO. 3:20-CV-373 DRL

JAMILL CANTERBERRY,

    Defendant.

OPINION AND ORDER

Stephen M. Deane, a prisoner without a lawyer, is proceeding in this case against Sergeant Jamill Canterberry "on a claim for monetary damages under the Fourteenth Amendment for administering a drug despite his express refusal and for no medical reason on April 8, 2020[.]" ECF 12 at 4.[1] Sgt. Canterberry filed a motion for summary judgment. ECF 117. Mr. Deane filed a response, and Sgt. Canterberry filed a reply. ECF 123, 126. The summary judgment motion is now fully briefed and ripe for ruling.

FACTS

On April 8, 2020, Sgt. Canterberry found Mr. Deane lying in his cell "slouched over the bed halfway." ECF 117-1 at 1. Sgt. Canterberry attests Mr. Deane was nonresponsive, had something burning in his hand, and had a brown leaf-like substance on his desk in folded paper. *Id.* Mr. Deane responds he was sleeping in his cell because he had not been

---

[1] Mr. Deane was also granted leave to proceed on this claim against Nurse Block, but Nurse Block was dismissed from this action pursuant to a joint stipulation following a settlement conference. ECF 132, 134.

feeling well, had not taken any drugs, and was "confused and drowsy" when he was awoken by Sgt. Canterberry. ECF 123-2 at 2. Sgt. Canterberry cuffed Mr. Deane and escorted him in a wheelchair to medical for evaluation and treatment. ECF 117-1 at 1. Sgt. Canterberry informed medical staff he had found Mr. Deane unresponsive in his cell with apparent smoking paraphernalia. *Id.* at 2. Medical staff evaluated Mr. Deane and noted he was anxious, had an unsteady gait, had constricted eye pupils, and had a history of losing consciousness. *Id.*; ECF 117-3; ECF 117-4. Medical staff made the decision to administer Narcan, a medicine that rapidly reverses an opioid overdose. ECF 117-1 at 2; ECF 117-3; ECF 123-6 at 23. Mr. Deane refused the Narcan and asserted he had not taken any drugs. ECF 123-2 at 2. Sgt. Canterberry assisted medical staff by holding Mr. Deane's head steady so medical staff could administer the Narcan. *Id.* at 3; ECF 117-1 at 2. Medical staff administered the Narcan to Mr. Deane through the nose and transported him to a holding cell in stable condition for observation. *Id.*; ECF 117-3. Three months prior to this incident, medical staff had administered Narcan to Mr. Deane after he had been found unresponsive and under the influence. ECF 117-4.

Sgt. Canterberry argues summary judgment is warranted in his favor because (1) he is not a medical professional and was entitled to defer to the medical staff's decision to administer Narcan to Mr. Deane, and (2) even if he was deliberately indifferent to Mr. Deane's right to refuse treatment, the state's interest in providing potentially life-saving medication for a suspected overdose overrode Mr. Deane's right to refuse the medication. ECF 118 at 5-8. Mr. Deane responds there are genuine disputes of material fact regarding "what was done, when it was done, [and] why it was done." ECF 123-3 at 2. Specifically,

2

he argues he was needlessly administered Narcan on April 8 because he was not unconscious, had not taken any drugs, and a subsequent urinalysis test had "negative results." *Id.*; ECF 123-2 at 3.

Inmates possess a Fourteenth Amendment due process liberty interest in "refusing forced medical treatment while incarcerated." *Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019). To establish such a claim, the prisoner must demonstrate that the defendant "acted with deliberate indifference to his right to refuse medical treatment." *Id.* at 343. "Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to 'shock the conscience.'" *Id.* (citation omitted). Moreover, a prisoner's right to refuse medical treatment can be overridden by "a prison regulation that is reasonably related to legitimate penological interests." *Id.*; *see also Russell v. Richards*, 384 F.3d 444, 447-50 (7th Cir. 2004) (concluding inmate's liberty interest in refusing unwanted medical treatment of delousing shampoo was overridden by jail policy designed to address legitimate interest in avoiding outbreaks of lice). "[I]f legitimate penological interests dictate that a particular treatment must be administered even if the prisoner would have refused it, then . . . there is no constitutional right to refuse treatment." *Knight*, 942 F.3d. at 343 (quoting *Pabon v. Wright*, 459 F.3d 241, 252 (2d Cir. 2006)).

Here, no reasonable jury could conclude Sgt. Canterberry violated Mr. Deane's Fourteenth Amendment rights by assisting the medical professionals in administering Narcan on April 8, 2020. At the outset, it is undisputed that the medical staff, and not Sgt. Canterberry, made the decision to administer Narcan to Mr. Deane after conducting an

3

examination. Because Sgt. Canterberry is not a medical professional (ECF 117-1 at 2), he was justified in deferring to the decision of the medical staff to administer Narcan to Mr. Deane. *See Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) ("If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands") (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)). Thus, because Sgt. Canterberry reasonably relied on the medical staff's expertise in determining to administer Narcan to Mr. Deane, no reasonable jury could conclude he acted with deliberate indifference to Mr. Deane's right to refuse medical treatment. *See Knight*, 942 F.3d at 343.

Mr. Deane also didn't have a constitutional right to refuse Narcan on this occasion because legitimate penological interests dictated that Narcan be administered. *See id.* Specifically, it is undisputed the medical staff evaluated Mr. Deane and noted he was anxious, had an unsteady gate, and had constricted pupils, each of which can indicate opioid intoxication. *See* ECF 117-3; ECF 123-6 at 23. It is also undisputed Mr. Deane had a history of losing consciousness and had been given Narcan three months before when he was found unresponsive and under the influence. *See* ECF 117-3, 117-4. ISP Directive 20-03, regarding the administration of Narcan, provides that "[i]f doubt exists regarding the offender's level of consciousness or source of intoxication, Narcan should still be administered, as it has no significant adverse effects." *See* ECF 123-6 at 24. This directive is reasonably related to the prison's legitimate interest in reducing the number of opioid-related deaths in prison. Thus, even accepting as true Mr. Deane's assertion he had not taken any drugs on April 8 and Sgt. Canterberry had not found any drugs in his cell, the

4

medical staff reasonably determined to administer Narcan to Mr. Deane as a precautionary measure to ensure his health and safety. *See Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017) ("Rogers was not obliged to believe Miller's assertion that he had a brain tumor and a lower-bunk pass. Prisoners can be manipulative, using deceit to obtain advantages; guards are accordingly entitled to be skeptical"). Accordingly, even when construing the facts in the light most favorable to Mr. Deane, no reasonable jury could conclude Mr. Deane had a constitutional right to refuse the administration of Narcan on April 8.

For these reasons, the court:

(1) GRANTS Sgt. Canterberry's summary judgment motion (ECF 117); and

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Canterberry and against Stephen M. Deane and to close this case.

SO ORDERED.

January 14, 2022                             *s/ Damon R. Leichty*
                                             Judge, United States District Court